935 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles W. ANDERSON, Plaintiff-Appellant,
v.
Jerry A. HYATT, Superintendent, Sumter County Correctional
Center, Parker Evatt, Commissioner, South Carolina
Department of Corrections, Wade Kolb, Solicitor, Sumter
County, Don Brown, Investigator, Sumter County Sheriff's
Department, Hal Kennedy, Parole Officer, Clarendon County,
Susan Bishop, Mary K. Herbert, Magistrate, Sumter County,
Ron Stott, Fugitive Transfer Service, Individually and in
their Official Capacities, Municipality of Sumter County,
Defendants-Appellees.
 No. 90-7093.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 22, 1991.
Decided May 31, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-89-1176-3-OB)
 Charles W. Anderson, appellant pro se.
 Thomas Edgar Player, Jr., Richardson, James & Player, Sumter, S.C., Carl Norman Lundberg, South Carolina Department of Probation, Parole & Pardon Service, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Anderson appeals the district court's order denying relief pursuant to 42 U.S.C. Sec. 1983. The State of New Jersey paroled Anderson to be supervised in the State of South Carolina. He sustained several convictions in South Carolina which resulted in New Jersey revoking his parole. Anderson alleged that the defendants deprived him of due process and other constitutional rights when he was arrested in South Carolina and held pending transfer back to New Jersey. The district court granted the defendants' motions for summary judgment and we affirm.
 
 
 2
 Anderson was not entitled to a probable cause hearing in South Carolina because his South Carolina convictions sufficiently established probable cause to believe that he had violated his New Jersey parole. See Moody v. Daggett, 429 U.S. 78, 86 n. 7 (1976); N.J.Stat.Ann. Sec. 30:4-123.62 (West 1987). Anderson alleged that he was falsely imprisoned in South Carolina for approximately eight days. This allegation does not state a constitutional violation. See Baker v. McCollan, 443 U.S. 137 (1979); Wadhams v. Procunier, 772 F.2d 75 (4th Cir.1985). In addition, even though defendant Stott, who transported Anderson from South Carolina to New Jersey, may have been a state actor, see West v. Atkins, 487 U.S. 42 (1988); Jackson v. Pantazes, 810 F.2d 426 (4th Cir.1987), Anderson was lawfully subject to his custody as a New Jersey parole violator who had waived extradition.[1] As to Anderson's other claims, we affirm on the reasoning of the district court. Anderson v. Hyatt, CA-89-1176-3-OB (D.S.C. July 26, 1990).
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Anderson signed a waiver of extradition as a condition of his parole being transferred from New Jersey to South Carolina